EDWARD Y. McCAULEY

*vs.*

WILLIAM F. DAVIDSON et al.

Where there is an unqualified consignment of property it is presumed, in the absence of evidence to the contrary, that the consignee is the owner.

This action was brought in the District Court for Ramsey County to recover the value of certain property shipped on board the defendants' steamboat, at St. Paul, consigned to plaintiff, and which, it is alleged, defendants failed *to* deliver. Issue was joined and the cause tried before a jury, who found a verdict for plaintiff, and judgment was entered in his favor; the defendants appeal therefrom to this Court. The case is sufficiently stated in the opinion of the Court.

LORENZO ALLIS for Appellant.

I.—The Court erred in refusing to dismiss the action when the plaintiff's case was closed.

The plaintiff alleges that he is the owner of the property shipped, and seeks to recover its value as such owner. The answer specifically denies the allegation of plaintiff's ownership, and avers ownership in another person—Josephine M. McCauley. There is no evidence whatever that the plaintiff was or is the owner of the property.

McCauley v. Davidson et al.

II.—The Court erred in refusing to give the instruction asked by defendants' counsel.

The contract of carriage in this case being without hire and also at the owner's risk, the defendants were as to these goods merely private carriers without hire. They were therefore required to exercise only slight care and diligence—certainly not extraordinary care and diligence. *Angell on Carriers*, *Sec.* 17, *et seq.; p.* 19, *et seq.; Ibid, Section* 45, *p.* 48 ; *Moore vs. Evans*, 14 *Barb.*, 524 ; *Dor vs. N. J. Steam Nav. Co.*, 1 *Kernan*, 485 ; *Wells vs. N. Y. C. R. R. Co.*, 24 *N. Y.*, 181.

III.—There is no sufficient evidence that the property has not been received by the plaintiff.

Judgment should be reversed.

SMITH & GILMAN for Respondents.

There is nothing in appellants' point that the plaintiff is not shown to be the owner of the property. The plaintiff is the consignee of the property, as shown by the bill of lading, which is *prima facie* evidence of ownership. *Potter vs. Lansing*, 1 *John*, 216; *Everett vs. Salters*, 15 *Wend.*, 474 ; *Edwards on Bailments*, 561 ; *Angell on Carriers, Sec.* 497.

Besides, the third interrogatory and answer of Josephine M. McCauley, wife of the plaintiff, show the property belonged to the plaintiff.

The *second* point of appellants as to the liability of the carrier in this case, was disposed of by this Court when the case was before it on demurrer to the complaint at a former term. 10 *Minn. R.*, 418.

The appeal is so manifestly for delay, that we ask for the immediate affirmance of the judgment with damages.

*By the Court*—WILSON, Ch. J.—The plaintiff shipped the goods sued for, and is the consignee named in the bill of lad-

ing. The defendants, who were at the time running a line of boats between St. Paul and LaCrosse, by their agent, received the goods, and executed a bill of lading in the words following: "Shipped by C. W. Wooley & Co., in good order and well conditioned, as agents and forwarders, for and on account, and at the risk of whom it may concern, on board the steamer 'Frank Steele,' whereof Hatcher is master, for the present voyage, now in the port of St. Paul, and bound for LaCrosse, the following articles as herein marked and described, and to be delivered in like good order and condition, as addressed on the margin, or to his or their consignees, or assigns, (unavoidable dangers of fire, navigation and collision only excepted), upon paying the freight and charges, as noted below. Privilege of lighting, towing and re-shipping. In witness whereof, the master of said steamer hath affirmed to five bills of lading, all of this tenor and date, one of which being accomplished the others to stand void.

Consignee, E. Y. McCauley. Care G. F. Peabody & Co., Philadelphia, H. J. Rumsey, LaCrosse, Clarke & Co., Chicago.

Dated at St. Paul this 8th day of June, 1861. No. of packages 2. Description of articles: Boxes of sundries. Weight——. River charges, free. Advanced charges, none. Total charges, none. (Signed) J. R. HATCHER."

The goods were not delivered at LaCrosse, and this action is brought to recover their value.

The answer denies "that the plaintiff at the time of the shipment in said complaint alleged, or at the time of the commencement of this action, was the owner of the said goods, or any part thereof, but these defendants aver that the said goods were then and always the separate property of Josephine M. McCauley, the wife of the said plaintiff, in her own right." And after the plaintiff closed his case the defendants

moved the Court to dismiss the action, on the ground that there was no evidence that the plaintiff was the owner of the goods.

The motion was properly denied, for the consignee is presumptively the owner of the property shipped. *Edwards on Bailments*, 561–2; *Everett vs. Salters*, 15 *Wend.*, 474; *Angell on Carriers*, Sec. 497.

Before the cause was submitted to the jury the defendants' counsel asked the Court to charge, "that as the contract of carriage in this case was without hire, and at the owner's risk, the jury must find for the defendants, unless they were satisfied from the evidence that the goods were lost by some gross negligence or misconduct on the part of the defendants or their servants." This instruction was also denied. This point was disposed of when the case was last before this Court. (10 *Minn.*, 418.) It was then held that the rights and duties of the parties are fixed by the special agreement in the bill of lading, which binds the defendants to deliver the goods unless prevented by the unavoidable dangers therein specified.

The evidence was clearly sufficient to justify the jury in finding that the plaintiff had not received the property.

Judgment affirmed.